**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2982
_____

JEFFREY D. HILL,
Appellant

v.

COMMONWEALTH OF PA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 21-cv-00479)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2022
Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed: March 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Jeffrey Hill appeals from the District Court's order dismissing his complaint.  For

the reasons that follow, we will affirm the District Court's judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this case and the details of Hill's claims are described in the Magistrate Judge's Report and Recommendation and need not be discussed at length. Briefly, Hill filed a complaint against the Commonwealth of Pennsylvania, the sole defendant. In the handwritten, 193-page complaint, Hill complained of various conspiracies against him beginning more than thirty years ago. The complaint also contained a petition for a "writ of quo warranto/prohibition/error."

The Magistrate Judge noted that a filing injunction against Hill required him to receive certification from a Magistrate Judge before filing a civil action. The Magistrate Judge explained that, to the extent that the injunction was enforceable, he would decline to certify the complaint. In the alternative, he recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted because Hill's claims against the Commonwealth were barred by Eleventh Amendment immunity. The District Court adopted the Report and Recommendation and dismissed Hill's complaint with prejudice. Hill filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's determination that the Commonwealth was entitled to Eleventh Amendment immunity. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010).

On appeal, Hill argues that he never consented to the Magistrate Judge's presiding over his case. The Magistrate Judge, however, simply submitted a *recommendation* for the disposition of the matter as permitted by 28 U.S.C. § 636(b)(1)(B). As for the District

Court's determination on immunity, Hill argues, without citation or support, that there is no immunity for official willful misconduct. The District Court was correct, however, that the Commonwealth is immune from suit. Under the Eleventh Amendment, a civil suit may not be brought in federal court against a state, a state agency, or a state department, regardless of the relief sought, unless the state waives its immunity from suit. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Pennsylvania has not waived its immunity from suits in federal court. Downey v. Pennsylvania Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020).[1]

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.

---

[1] We agree with the District Court that Hill does not qualify for quo warranto relief or any other writ.